**Paul McCarthy** Bar no. 139497
One Kaiser Plaza, Suite 2300
Oakland, California 94612
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorney for *Petitioner*

## United States District Court
### Northern District of California

| | |
|---|---|
| Jorge Garcia,<br><br>    *Petitioner*,<br>    vs.<br><br>Robert Horel, Warden, Pelican Bay State Prison,<br><br>    *Respondent*.<br><br>People of the State of California,<br><br>    *Real Party in Interest*. | No. **07-06012-JSW**<br><br>RESPONSE TO ORDER TO SHOW CAUSE; DECLARATION OF PAUL McCARTHY |

### RESPONSE TO ORDER TO SHOW CAUSE

#### 1. Legal Background

Proceedings under 28 U.S.C. section 2254 are governed by the Rules Governing Section 2254 Cases In The U.S. District Courts ("Governing Rules.") Rule 4 provides as follows:

**Rule 4. Preliminary Review; Serving the Petition and Order**

The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. *In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.* (emphasis added.)

The Northern District's Habeas Local Rule 2254-1 provides that the local rules are

intended to "supplement" (not supplant) the Governing Rules. Habeas L.R. 2254-1 provides that the assigned judge may modify the application of "these rules", (meaning the local rules), but does not give the assigned judge the power to depart from the Governing Rules. The Habeas Local Rules do not contain any provision specifying who is to serve the petition and order to show cause if the court issues one. [1]

Rule 4 thus literally imposes a mandatory duty on the clerk to serve a copy of the petition and order to show cause on the respondent and the state attorney general's office. In construing other provisions of the Governing Rules containing similar mandatory language ("shall"), the Ninth Circuit has held that such provisions are binding on the district courts. *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (construing Governing Rule 8(c)'s provision that the judge "shall appoint counsel" for an indigent petitioner if an evidentiary hearing is ordered), *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995) (same holding for the similar section 2255 Governing Rule 8(c)), *Bianchi v. Blodgett*, 925 F.2d 305, 308 (9th Cir. 1991) (construing section 2254 Governing Rule 2(d)'s provision that a petition "shall be limited" to the assertion of a claim for relief against the judgment of a single state court).

Additionally, in an opinion apparently authored by Chief Judge Alex Kosinski, the Ninth Circuit held that, where applicable rules provide that an order to show cause is to be served in a particular manner (i.e., by mail from the court issuing the order to show cause), a district court could not have the order to show cause served in some other manner (in that case, by email, in the absence of the case being designated for the Central District's efiling program). *Calderon v. IBEW Local 47*, 508 F.3d 883, 884 (9th Cir. 2007) (dismissal of the case because plaintiff's attorney failed to respond to the order to show cause was "arbitrary" causing justice to suffer; sanctions were unauthorized as well.)

---

[1] Rule 1(b) of the Governing Rules only grant local district courts the discretion to apply (or not to apply) the Governing Rules to "a habeas corpus petition not covered by Rule 1(a)." Rule 1(a) of the Governing Rules covers typical section 2254 petitions filed by "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States" For such petitions, the Governing Rules control.

**2. Response to Order to Show Cause**

Based on the service provisions of Rule 4, which is typically followed in the Northern District, petitioner assumed that the order to show cause would be served by the clerk and overlooked the provision in the order to show cause that said that petitioner should serve the order and petition. The initial 60 days went by, but respondent did not file a response or a motion for extension of time. We reviewed the order to show cause, noted the provision in it that petitioner was to serve the petition, and served it.

Since petitioner is in custody, the only prejudice from any delay in this case is to petitioner. Any delay was due to inadvertence.

The declaration in support of the motion to modify order to show cause does not state that the attorney general's office was unaware of the existence of this case or of the order to show cause, merely that it was not served by certified mail. The position of the attorney general's office has been that it will not take action in a habeas corpus case unless it specifically receives an order to do so. We apologize for not serving the attorney general's office sooner and have no objection to any reasonable extension that office might request.

Dated: Oakland, California, Monday, March 10, 2008.

*[signature]*

**Paul McCarthy**
Attorney for *Petitioner* JARVIS GILBERT

Response to Order to Show Cause; Declaration of Paul McCarthy

ORIGINAL                                                                                                          ORIGINAL

# United States District Court
## Northern District of California

| | |
|---|---|
| JORGE GARCIA,<br><br>      *Petitioner*,<br>  vs.<br><br>ROBERT HOREL, Warden, Pelican Bay State Prison,<br><br>      *Respondent*.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>      *Real Party in Interest*. | No. **07-06012-JSW**<br><br>DECLARATION OF PAUL McCARTHY |

**DECLARATION OF PAUL McCARTHY**

I, Paul McCarthy, declare under penalty of perjury as follows:

1. I am the attorney for petitioner in this case.

2. Based on the service provisions of Rule 4, which is typically followed in the Northern District, petitioner assumed that the order to show cause would be served by the clerk and overlooked the provision in the order to show cause that said that petitioner should serve the order and petition.

3. The initial 60 days went by, but respondent did not file a response or a motion for extension of time. Since a response from that office was overdue, we reviewed the matter and noticed the provision in the order to show cause that petitioner had to serve the order to show cause and petition on respondent. The documents were then sent to respondent.

4. Since petitioner is in custody, the only prejudice from any delay in this case is to petitioner. Any delay was due to inadvertence.

5. I apologize for not serving the attorney general's office sooner and have no objection to any reasonable extension that office might request.

ORIGINAL                                                                                                    ORIGINAL

I declare under penalty of perjury that the facts stated in this declaration are true and correct. Executed in Oakland, California, on Monday, March 10, 2008.

                                                               **Paul McCarthy**
                                                               Attorney for Petitioner

# PROOF OF SERVICE

I, the undersigned, depose and state: I reside or do business within the County of Alameda. I am over eighteen years of age and not a party to this action. My business address is 1 Kaiser Plaza, Suite 2300, Oakland, CA 94612-3642.

On Monday, March 10, 2008, I served the following documents:

**Response to Order to Show Cause; Declaration of Paul McCarthy**

I served the following persons by U.S. mail:

Office of the Attorney General
State of California
455 Golden Gate Ave., Suite 11000
San Francisco, California 94102-7004
Attorney for *Respondent / Real Party in Interest*

I declare under penalty of perjury that the above is true. Executed in Oakland, California on Monday, March 10, 2008.

*[signature: Paul McCarthy]*