IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JORGE GARCIA,

    Petitioner,

v.

ROBERT HOREL,

    Respondent.

No. CV 07-6012 JSW

**ORDER TO SHOW CAUSE RE: EXHAUSTION**

## BACKGROUND

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner was convicted by a jury of premeditated attempted murder (Penal Code § 187(a)/664), assault with a firearm (Penal Code § 245(a)(2)), and various firearms and gang enhancements. Petitioner was sentenced to twenty-five years to life in state prison, and currently is incarcerated at Pelican Bay Prison. The California Supreme Court denied direct review on November 29, 2006. On November 28, 2007, Petitioner filed the instant petition in this Court. On December 22, 2008, Respondent filed his answer. In the Answer, Respondent asserted that Petitioner had not exhausted his claim that the prosecutor misrepresented the effect of morphine on a witness's identification of a non-suspect, his claim of cumulative error to the extent it includes this claim, and his claim that defense counsel was ineffective in failing to object to this. (*See* Answer at 2:3-7; Opp. Br. at 21:21-25.) Petitioner did not respond to this issue in his traverse.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16(1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims, even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that a petitioner must invoke "one complete round of the State's established appellate review process"). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Rose*, 455 U.S. at 522. If the petition contains both exhausted and unexhausted claims, that is, it is a "mixed" petition, the district court must instruct the petitioner to choose between two alternatives: (1) he can dismiss his unexhausted claims and proceed in federal court only with his exhausted claims; or (2) he can request that the district court dismiss the entire petition without prejudice and exhaust his unexhausted claims in state court before returning to federal court. *See Brambles v. Duncan*, 412 F.3d 1066, 1069-71 (9th Cir. 2005).

The United States Supreme Court has held that a district court may stay mixed habeas petitions to allow a petitioner to exhaust in state court. *Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005). However, the use of a stay is appropriate only where a district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id*. Moreover, where granting a stay, a district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." *Id*. Therefore, a petitioner can ask a district court to stay an unexhausted petition while he exhausts his unexhausted claims in state court. *Cf. Pace v. DiGuglielmo*, 544 U.S. 408, 415-18 (2005). A petitioner need not delete his

2

unexhausted claims when he asks the district court to issue a stay. *See Jackson v. Roe*, 425 F.3d 654, 659-61 (9th Cir. 2005).

In this case, Respondent asserts that Petitioner did not exhaust his claim that the prosecutor misrepresented the record during closing argument, when he stated that an eyewitness's earlier identification of a non-suspect was caused by morphine, because Petitioner did not raise this claim to the California Supreme Court. (*See* Opp. Br. at 21:19- 23:14.) In support, Respondent has filed a copy of the opinion of the California Court of Appeal affirming the judgment of conviction, and Petitioner's petition for review filed in the California Supreme Court. (Exs. A, B.) These documents reveal that the California Court of Appeal did not address this claim. (*See generally* Ex. A.) Further, in his Petition for review to the California Supreme Court, Petitioner includes a heading which states "**The complaining witness identified a non-suspect at the first lineup because he was drugged on morphine**," but the paragraph following this heading relates to distrust of the police. (*See* Exh. B. at 20.)

Accordingly, Petitioner is HEREBY ORDERED TO SHOW CAUSE why this Petition should not be dismissed as a mixed petition. Petitioner's response shall include any authority in support of the position that the claim is exhausted. In addition, the Court requires that Petitioner consider the available options, as set forth below, and notify the Court how he intends to proceed on the mixed petition. Petitioner must choose whether he wants to:

(1) Dismiss the unexhausted claim and go forward in this action with only the exhausted claims, or

(2) Terminate this action and complete the exhaustion of his state court claim before filing a new federal petition presenting all of his claims, or

(3) Request a stay of the proceedings while he completes the exhaustion of his unexhausted claim in the California Supreme Court. If Petitioner chooses this option, he must also show that there was good cause for his failure to exhaust the claim in state court and that it is a potentially meritorious claim.

3

Petitioner's response to this Order to Show Cause shall be due on April 10, 2009, and if Petitioner contends the claim is exhausted, Respondent may file a response by no later than April 17, 2009.

Petitioner is cautioned that his choices have risks which he should take into account in deciding which remaining option to choose. If he chooses option (1) and goes forward with only his exhausted claims, any subsequent petition would be subject to dismissal as a second or successive petition. See 28 U.S.C. § 2244(b). If he chooses option (2), terminating this action and waiting until all his claims are exhausted before filing a new federal petition, his new federal petition could be time-barred. See 28 U.S.C. § 2244(d). If he chooses option (3), he must act diligently to file in the California Supreme Court and to obtain a decision from the California Supreme Court on his unexhausted claim. Petitioner would have until thirty days after the California Supreme Court's final decision on his unexhausted claims to file an amended petition re-asserting those claims in this Court. *See Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003). Petitioner's failure to act with diligence could result in the Court's dismissal of his petition for failure to prosecute.

**IT IS SO ORDERED.**

Dated: March 25, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4